## CABLE et al. v. WALKER, Postmaster General.

### No. 8636.

United States Court of Appeals
District of Columbia.

Submitted Oct. 24, 1945.

Decided Dec. 10, 1945.

Mr. Warren Craven, of Washington, D. C., for appellants.

Mr. Edward M. Curran, United States Attorney, of Washington, D. C., with whom Mr. Charles B. Murray, Assistant United States Attorney, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and CLARK and PRETTYMAN, Associate Justices.

### PER CURIAM.

This is an appeal from a judgment of the District Court denying an injunction against the Postmaster General's enforcement of a fraud order.[1]

The plaintiffs below, appellants here, had for some years been engaged in the manufacture, promotion and sale of a preparation purporting to be of great worth in the treatment of pyorrhea, trench mouth, and like ailments.[2]

After serving the appellants with notice of the specific charges against them, the Postmaster General went forward with hearings at which considerable testimony was given by expert government witnesses to the effect that appellants' preparation was incapable of producing the results claimed. This testimony was directed toward an analysis of the chemical contents of the product, and a review of professional opinion on the matter of treatment of pyorrhea.

The appellants offered only the testimony of Eugene Cable, a layman with no formal, specialized training in dentistry, chemistry, or allied arts. It was admitted that ranking testing laboratories had consistently refused to test the product, stating that it manifestly would not accomplish the results claimed.

The appellants sought, at the Post Office hearing, to introduce affidavits from satisfied users. These affidavits were rejected by the presiding hearing officer. We consider the evidence upon which the Postmaster General predicated the fraud order to be

---

[1] Issued under authority of 39 U.S.C.A. §§ 259 and 732 (Sections 3929 and 4041 R.S.)

[2] The extravagance of appellants' claims is illustrated by these passages from their advertising literature: "If you wish to save your teeth and protect your health, read this carefully. Pyorrhea takes years to develop to the point that the sufferer begins to feel its ill effects * * *." But why lose your teeth? Read the enclosed affidavits * * * given to us by grateful users. * * * These people were beyond the help of any agency. * * * Save your teeth the Py-Ro way and have a healthy mouth."

"substantial" in the strongest meaning of the word. We cannot see that appellants' affidavits, assuming their admissibility, could have strengthened their standing in this case.

In such circumstances the law is clear, and we can see no reason for undertaking an extensive review of the authorities in disposing of this appeal.[3] The appellants raise no novel considerations and the judgment of the District Court rests on a solid foundation.

Affirmed.

---

[3] Farley v. Heininger, 70 App.D.C. 200, 105 F.2d 79, and cases cited therein.